Filed 4/6/21  P. v. Franklin CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TERRELL MARQUIS FRANKLIN,<br><br>        Defendant and Appellant. | A159387<br><br>(Contra Costa County<br>Super. Ct. No. 5-141281-6) |

**MEMORANDUM OPINION[1]**

Defendant Terrell Marquis Franklin was charged with one count of murder (Pen. Code, § 187, subd. (a)[2]), one count of attempted murder (§§ 187, subd. (a), 664), shooting at an inhabited dwelling (§ 246), and first degree residential burglary (§§ 459, 460, subd. (a)).  Personal firearm use enhancements were also alleged.  Approximately one year later, he agreed to a negotiated disposition, pleading no contest to the attempted murder charge and admitting one of the firearm enhancements.  The remaining charges and enhancements were dismissed.  He was sentenced to 12 years in state prison.

---

[1]  This case is appropriately resolved by way of memorandum opinion pursuant to pursuant to California Standards of Judicial Administration, section 8.1.

[2]  All further references are to the Penal Code unless otherwise indicated.

1

Defendant subsequently filed a petition for resentencing pursuant to section 1170.95, which the trial court denied on the ground section 1170.95 does not apply to convictions for attempted murder. The only issue defendant raises on appeal is whether section 1170.95 applies to defendants, like him, who pleaded to an attempted murder charge to avoid going to trial for murder.

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended murder liability under the felony-murder and natural and probable consequences theories. The bill redefined malice under section 188 to require that the principal acted with malice aforethought. Now, "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The bill also amended section 189 to provide that a defendant who was not the actual killer and did not have intent to kill is not liable for felony murder unless he or she "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e)(3).)

Senate Bill No. 1437 (2017-2018 Reg. Sess.) also enacted section 1170.95, which authorizes "[a] person convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts" so long as three conditions are met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3)

2

The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3).) Any petition that fails to make "a prima facie showing that the petitioner falls within the provisions of [section 1170.95]" may be denied without a hearing. (§ 1170.95, subds. (c) & (d).)

As defendant points out, the Courts of Appeal have taken varying views as to the effect of Senate Bill No. 1437 (2017-2018 Reg. Sess.) on attempted murder, "with some courts holding that Senate Bill 1437 does not apply to attempted murder at all, some holding that it applies only prospectively, and some holding that it applies both prospectively and retroactively to nonfinal convictions. (See *People v. Love* (2020) 55 Cal.App.5th 273, 278-279 . . . [summarizing the split of authority][, review granted Dec. 16, 2020, S265445].)" (*People v. Harris* (2021) 60 Cal.App.5th 557, 565 (*Harris*).)

But this "split of authority is irrelevant in the present case because [defendant's] attempted murder conviction is final," and "[n]o court has held that Senate Bill 1437 applies retroactively to final convictions of attempted murder." (*Harris, supra,* 60 Cal.App.5th at p. 565.) The issue is currently pending in the California Supreme Court and will be resolved there. (E.g., *People v. Lopez* (2019) 38 Cal.App.5th 1087 (*Lopez*), review granted Nov. 19, 2019, S258175.) In the meantime, we agree with the holding in cases such as *Harris*. (See, e.g., *People v. Alaybue* (2020) 51 Cal.App.5th 207, 222-225 (*Alaybue)*; *People v. Dennis* (2020) 47 Cal.App.5th 838, 844-846; *People v. Munoz* (2019) 39 Cal.App.5th 738, 753-759, review granted Nov. 26, 2019, S258234.) Collectively, these cases fully address all the arguments defendant has advanced here, and we need not, and do not, repeat the analyses in these cases here, but adopt their reasoning.

We observe that the conclusion these courts have reached is consistent with the plain language of section 1170.95, which allows a petitioner to seek only "to have [his or her] murder conviction vacated and to be resentenced on any remaining counts. . . ." (§ 1170.95, subd. (a).) Subdivision (d)(1) of section 1170.95 permits the trial court to conduct a hearing "to determine whether to vacate the murder conviction" and subdivision (d)(2) similarly refers only to a "murder conviction." Because the statute does not refer to attempted murder, the plain language refutes defendant's arguments that the Legislature intended section 1170.95 to apply to attempted murder. (*Lopez*, *supra*, 38 Cal.App.5th at pp. 1104–1105.)

Further, "[i]n deciding to omit attempted murder from the ambit of Senate Bill 1437, the Legislature could have reasonably concluded that the need to address sentencing reform was more appropriately directed at persons convicted of murder as opposed to attempted murder. This is so because the punishment for attempted murder is generally far less than the punishment imposed for murder." (*Alaybue*, *supra*, 51 Cal.App.5th at p. 224; accord, *Harris, supra,* 60 Cal.App.5th at p. 570.)

## DISPOSITION

The order denying defendant's petition under section 1170.95 is AFFIRMED.

4

 

 

 

 

                                   _____

                                   Banke, J.

We concur:


_____

Humes, P.J.


_____

Margulies, J.

A159387, People v. Franklin

5